Gold *v.* Ives.

---

STEPHEN J. GOLD *vs.* WILLIAM A. IVES.

As a general rule a new trial will not be granted to enable a party to recover nominal damages.

Whether the doctrine of recoupment is recognized in this state : *Quere.*

In a suit upon a promissory note the defendant claimed to recoup damages which he had sustained by the non-performance of a contract of the plaintiff for the assignment of certain patent rights, which was the principal consideration for which the note was given; and the court charged the jury that, if the defendant had proved the facts claimed by him, they should assess the value of the patent rights, and, if it exceeded the amount of the note, render a verdict for the defendant, and, if it was less, a verdict for the plaintiff for the balance of the note only; but that, if the defendant's evidence was so uncertain and indefinite that they were unable to estimate the damages, they ought to render a verdict for the plaintiff for the full amount of the note. The jury returned a verdict for the full amount of the note, and stated, in doing so, that they were unable on the evidence to make any estimate of the damages. Held, without deciding whether the charge was correct as to the right of recoupment which it recognized, that that part of it which related to the defendant's evidence was correct, as it rested upon the defendant to prove his damages by evidence that would enable the jury to estimate them.

ASSUMPSIT, on a promissory note of the defendant, for the
sum of $1,910.69, dated January 1, 1855. The defendant
pleaded the general issue, with notice of the special matters
below s<sup>It</sup>ed. The issue was closed to the jury.

On the trial, after the plaintiff had proved the execution of
the note by the defendant, the defendant introduced in evi-
dence a contract of the plaintiff with him, for the conveyance
to him, for the sum of $6,000 to be paid to the plaintiff, of the
fourth part of a patent held by the plaintiff for an invention
for warming houses by steam, and which the defendant ad-
mitted had been conveyed to him by the plaintiff according to
the contract, and for the conveyance of a like interest in all
renewals or amendments of the patent and in all new patents
obtained to secure more fully the right to the invention or its
application in any other manner or for any other purpose;
with evidence that the note in suit was given in part payment
of the $6,000, all the rest of which had been paid. The de-
fendant then introduced evidence to prove that the plaintiff
had obtained three later patents for improvements of his orig-
inal invention, and which the defendant claimed were within
the terms of the contract, and that the plaintiff had refused
to convey to him an interest in these patents, but had sold and
conveyed them to other parties ; and he offered evidence to
show that the damage sustained by him in consequence was
greater than the amount of the note, and he claimed a set-off
of the damage against the note. It was admitted by the plain-
tiff that the note was given for the balance of the $6,000 which
the defendant was to pay under the contract, but he denied that
the defendant had sustained any damage, and claimed that if
he had it could not be set-off against the note in this suit.

The defendant requested the court to charge the jury that,
if the facts were found to be as claimed by him, their verdict
should be in his favor. The court charged the jury that if
they found that the plaintiff had failed to convey one-fourth of
the three patents as claimed by the defendant, and if those
patents were of any value, it was the duty of the jury to ascer-
tain the value of the one-fourth part, and if it was greater than
the amount of the plaintiff's note, then the plaintiff could not

recover, and if less, then such value should be deducted from the note, and the plaintiff should only recover for the balance; but that, as the damages for the non-performance of the contract were unliquidated, if they found the evidence uncertain and indefinite in its nature that the damages could not be ascertained or estimated by them, then, inasmuch as the defendant had not offered to rescind the contract by restoring to the plaintiff the interest which he had received from him in the patent for which the note was given, they ought to render a verdict for the full amount of the note, without any deduction on account of the damages. The jury returned a verdict for the plaintiff for the full amount of the note, and, on being inquired of by the court, said that they found it impossible by any rule to find or estimate the damages for the non-performance of the contract on the part of the plaintiff.

The defendant moved for a new trial for error in the charge.

*Hubbard* and *Giddings*, in support of the motion.

1. The defendant had a right to set-off against the note the damages to which he was justly entitled for the breach of the contract. It is the first time that the question has been made in the courts of this state whether the doctrine of recoupment is recognized here, and the case is therefore one of much interest. This doctrine prevails extensively elsewhere, and is founded in the highest equity. It should be adopted here. *McAllister* v. *Reab*, 4 Wend., 483. *Ives* v. *Van Epps*, 22 id., 155. *Batterman* v. *Pierce*, 3 Hill, 171. *Van Epps* v. *Harrison*, 5 id., 63.

2. The court erred in telling the jury that, as the damages claimed by the defendant were unliquidated, if they found the evidence so uncertain and indefinite in its nature that the damages could not be estimated by them, they ought to render a verdict for the full amount of the note. The jury were bound to find the amount of the damages on the evidence. It was not pretended that no damage was proved, but that the jury could not, by any rule that they knew of, estimate the amount of it. But this is no reason for finding no damage. The court should have instructed the jury as to the rule.

The damages could have been settled by the jury then, as well as by a future jury in an action specially brought for the purpose. ▶ is doing great injustice to the defendant to deny him al͏ ͏ages because they are of such a nature that a jury ca͏ ͏ apply any fixed rule in estimating their amount. Especia͏ ͏ is it so in the present case, where the plaintiff himself has withheld the patents from us, and thus put it out of our power to show their value. The jury should have estimated the damages according to their best judgment, without any definite rule. *King* v. *Paddock*, 18 Johns., 141. *Bowker* v. *Hoyt*, 18 Pick., 555. The defendant was, as a matter of law, entitled to nominal damages at least, as there was a breach of the contract which gave him a right of action, and the court therefore erred in telling the jury that they might, if they could not find the amount of the damages on the evidence, bring in a verdict for the full amount of the note.

*Wheaton* and *G. C. Woodruff*, contra.

1. The doctrine of recoupment, upon which the defendant relies, has never been expressly recognized in the courts of this state, so far as we know, and the case of *Pulsifer* v. *Hotchkiss*, 12 Conn., 234, would seem to indicate a disapproval of it. Whether or not, however, it be regarded as prevailing here, the defendant had the benefit of it in the charge, as the judge instructed the jury that they might allow the defendant his damages, if any were proved by such evidence as enabled them to estimate their amount.

2. There was no error in that part of the charge in which the jury were instructed to allow the defendant nothing by way of set-off, if his evidence was not such as to enable them to ascertain the amount. The burden of proof was on the defendant in this part of the case. It was his misfortune if he could not produce such evidence as would enable the jury to estimate the damages. It was like the case of a plaintiff who can not show what damage he has sustained. The defendant's right to nominal damages would not avail him, as the question was wholly as to real damage, and a deduction of nominal damages would have been of no benefit to him.

Much less is the failure of the jury to allow him nominal damages a reason for granting him a new trial. No injustice is done the defendant, as he can prove and recover his damages, if he is entitled to any, in an action brought on one contract.

SANFORD, J. We think the defendant's motion ought to be denied.

In regard to his right to set-off his damages, occasioned by the plaintiff's violation of his part of the original contract, against the note, the judge's charge seems to have been in substantial conformity to the defendant's claim, so that he has no reason to complain of it.

But it is said that nominal damages, at least, are due and recoverable for every breach of contract, and hence that the instructions given to the jury, that their verdict should be for the full amount of the note, if they found the evidence so uncertain and indefinite in its nature that the damages could not be ascertained or estimated by them, was erroneous. It is true that, as a general rule, nominal damages at least are recoverable for every breach of contract, but it is not true that a new trial must of course be granted to enable a party to recover them, or ought always to be granted for an error of the court. When it is apparent that substantial justice has been done by the verdict, or the losing party has suffered no injury from the error of the court, or the question raised in this court was not made in the court below, a new trial should not be granted. So also, as a general rule, a new trial ought not to be granted merely to enable a party to recover nominal damages; and especially since, by the letter of our statute, a plaintiff who recovers nominal damages only, is, and by the spirit and equity of that statute a defendant might be, in a case like this, held liable not only to lose his own costs, but to pay costs also to the adverse party. Motions for new trials are addressed to the sound judicial discretion of the court, and ought never to be granted except to subserve the purposes of substantial justice between the parties. And besides, the controversy between these parties in the court below related, not to nominal, but to substantial damages. The defendant

attempted to show that he had sustained damages to the full amount of the note in suit, but failed to lay before the jury any evidence upon which it was possible, by any rule, to find or estimate the damages actually sustained by him. If, by the plaintiff's breach of contract the defendant had sustained damages of which he could produce no satisfactory evidence, he was indeed unfortunate, but we believe no court has gone further than to allow the jury to make a set-off of such damages as are proved. To allow them to conjecture, would be as dangerous as it would be unprecedented.

It is not our intention either to sanction or deny the general doctrine adopted by the judge upon the trial, in regard to the defendant's right to recoup and set-off his damages against the plaintiff's claim in such a case as this. We prefer to place our decision upon the grounds already indicated, to wit, the defendant's failure to lay before the jury such evidence as would have enabled them to ascertain or estimate his real damages, and that a new trial will not in general be granted merely to enable a party to recover nominal damages at the hands of another jury.

A new trial ought not to be granted.

In this opinion the other judges concurred; except HINMAN, J., who, having tried the case in the court below, did not sit.

New trial not advised.