John Ross, Respondent, *v.* George Ackerman and John W. Banta, Appellant.

In an action where the defence is usury, evidence that plaintiff had loaned money at other times, prior to the transaction in question at usurious rates of interest, is inadmissible.

(Argued June 5th, 1871; decided September 5th, 1871.)

Appeal by defendant, Ackerman, from a judgment of the Superior Court of the city of New York, affirming a judgment for plaintiff entered upon verdict. Action upon a promissory note for $800. Defence usury.

*J. W. Culver,* for appellant. Usury is a crime; and evidence of other transactions of a similar character is admissible. (Russell on Crimes, vol. 2, pp. 776, 777, 778; Phil. Ev., vol. 1, p. 179, 2d ed.; Starkie Ev., p. 221, 6th Am. ed.; *Hall* v. *Taylor,* 18 N. Y., 588; *Amsden* v. *Manchester,* 40 Barb., 158; *Meyer* v. *Goedel,* 31 How. Pr., 456; *Hawthorne* v. *Hodges,* 28 N. Y., 486; *Read* v. *People,* 42 N. Y., 270, 280, 282.)

*F. A. Paddock,* for respondent. Usury in one transaction cannot be established by showing usury in others. (*Jackson* v. *Smith,* 7 Cow., 717; *Keutzen* v. *Parks,* 2 Sandf., 60; *Brinckerhoff* v. *Foote,* 1 Hoffman Chy. R., 291.)

By the Court—Peckham, J. The defendant insists that the court erred, in overruling a great many questions put and several offers to prove facts.

Several questions and offers proposed to prove that Reuben Ross, Jr., a brother of the plaintiff, had loaned money at different times, prior to this transaction at usurious rates of interest.

This testimony was properly excluded. Even if Reuben were the real plaintiff, the testimony was inadmissible. Usury in the discount of this note, could not be proved, by showing that the plaintiff had taken usury upon other notes.

If the offer were made with a view to impeach the witness, the counsel should have called the attention of the court to that purpose. So of the offer on the cross-examination of Reuben Ross, Jr. As a general rule, the extent of a cross examination is much in the discretion of the judge, yet it should be liberally allowed. In a clear case of its abuse, a new trial should be granted.

The offer of the defendants' counsel, to prove what Banta, the payee of the note, told Ackerman that Reuben Ross had said, was properly excluded. It was incompetent to prove usury against plaintiff, by the declarations of Banta in plaintiff's absence.

The offer to show that the witness, Reuben Ross, Jr., had endeavored to settle this controversy before or after suit, upon very liberal terms, and conversations of that character with the defendant, should have been received. They were at first rejected, but were finally received and substantially stated in full.

The offer to prove by Winans, what Reuben Ross, Jr., had proposed to do, as to borrowing for or loaning money in other cases for other persons, was properly excluded.

The judgment is affirmed.

All concur. Judgment affirmed.