JOHN W. PRATT, Respondent, v. CHARLES PECKHAM, Appellant.

*Contract for the sale of land — right of the vendor to maintain ejectment on the failure of the vendee to comply with the conditions of the contract — no notice to quit need be given.*

In 1872 the plaintiff and defendant entered into a written agreement by which the plaintiff agreed to sell and convey to the defendant certain premises therein described (which were then in the possession of the defendant under a former contract of sale executed by the plaintiff) for the sum of $711.33, that being the amount then due under the former contract, to be paid in five equal annual payments, with interest on all sums unpaid. The contract provided that the plaintiff would, on receipt of such payment at the time and in the manner therein mentioned, execute and deliver to the defendant a deed of all his right, title and interest in the premises, and that, in case of failure on the part of the defendant to fulfill his contract, or any part of the same, the plaintiff should immediately after any such failure have the right to declare the same void and retain whatever might have been paid on said contract and all improvements that might have been made on said premises. Immediately prior to the commencement of this action, and while the defendant was in default of his payments, the plaintiff took his accounts and papers pertaining to this matter to the defendant and demanded a settlement and payment of the balance due, which the defendant refused to make.

Upon an appeal from a judgment, entered in an action of ejectment brought by the plaintiff, declaring the title to the real estate described in the complaint to be in the plaintiff, and awarding possession thereof to him unless the defendant should redeem the premises upon the payment of the amount due on the contract, with interest and costs, within forty days, and requiring the plaintiff, in case such payments were made, to execute and deliver such a deed as was provided for in the contract;

*Held,* that the judgment should be affirmed.

That the plaintiff had an election to stand upon his legal title and to maintain an action for the recovery of the possession of the premises in question or to bring an action in equity for specific performance.

That the vendee was not entitled to notice to quit or to demand of possession.

APPEAL from a judgment entered upon the report of a referee in Oswego county, declaring the title to the real estate described in the complaint to be in the plaintiff. Also declaring due to the plaintiff, at the date of the referee's report, $891.71 on the contract for the sale of the property to the defendant, and awarding possession of the premises to the plaintiff, unless the defendant shall redeem the premises upon payment of the aforesaid sum within forty days, with interest and costs, and requiring the plaintiff if such redemption shall take place, to execute and deliver to the defendant "such a deed of conveyance of said premises as provided for in said contract."

*S. N. Dada,* for the appellant.

*Howe & Rice,* for the respondents.

HARDIN, P. J. :

On the 31st day of March, 1858, the plaintiff being the owner of the premises described in the complaint, entered into a contract in writing with the defendant, whereby the plaintiff agreed to sell and the defendant agreed to purchase the real estate described in the contract for the sum of $700, the whole to be paid in annual payments, the last payment to be four years from the first day of April, 1859. Defendant went into possession under the contract and was in possession of the premises at the time of the commencement of this action. Prior to February, 1869, plaintiff and defendant "had numerous other business transactions between them, and the plaintiff kept an account of said transactions together with an account of the payments made upon said contract, all together as one account." The parties then " agreed to have a settlement and adjustment of their said accounts and business transactions and the balance due on said contract, and also agreed to enter into a new contract for the sale of said premises." They had such an accounting and adjustment, " and found the balance due from defendant to plaintiff to be $732.62." They thereupon entered into a new contract for the sale of said premises by plaintiff to defendant,

which is dated February 1, 1869, containing substantially the same terms as the first contract, except that the said balance of $732.62, which it was agreed should be the consideration of the said new contract for the sale of said premises was to be paid as follows: " One year from the date of said contract, with interest thereon from the date of said contract." As a part of the adjustment the parties canceled and waived the contract of 1858. The defendant continued in possession, after the execution of the new contract of the premises under the same. About the 1st of May, 1872, " the said parties had another looking over their account and business transactions, and an adjustment and settlement, and came to an agreement to execute a new contract for the sale by the plaintiff to the defendant of the said premises, and did then and there enter into such new contract under their hands and seals, whereby the plaintiff agreed to sell and the defendant to purchase the said premises; said contract was substantially the same as the former two contracts had been, in its terms, except that the consideration for said contract as stated therein was agreed by the defendant to be paid to the plaintiff in five equal annual payments with interest on all sums unpaid." It is found by the referee as a fact, viz: " That upon such settlement and accounting it was found that the defendant was indebted to the plaintiff in a balance of $711.33, and it was then and there agreed between them that the said balance should constitute the consideration of the said contract entered into that day, and it was so entered in said contract as the consideration for said premises," and they canceled the second contract.

It is also found, viz.: " That the said defendant occupied said premises under said contract of May 1, 1872, up to the time of the commencement of this action," and the defendant made several payments upon the last named contract, and after applying all those payments upon the sum stipulated in the contract the referee finds there was due for principal and interest at the commencement of this action the sum of $636.80. The referee has also found as a fact, viz.: " That immediately prior to the commencement of this action, and while the defendant was in default in his payments, the plaintiff took his accounts and papers pertaining to this matter to the defendant, and demanded from the defendant a settlement and

payment of the balance due on said contract, which the defendant refused to make."

We are of the opinion that the findings of fact made by the referee accorded with the weight of the evidence, and must be accepted in determining the rights of the parties. From the date of the first contract, in 1858, down to this time the plaintiff has held "the legal title as trustee for the purchaser." (*Thompson* v. *Smith*, 63 N. Y., 303.) By the terms of the contract of May 1, 1872, the defendant stipulated to make payment of the contract-price in "five equal annual payments." It was further stipulated in that contract between the parties, viz. : "And the said party of the first part on receiving such payment at the time and in the manner mentioned shall, at his own proper cost and expense, execute and deliver to the said party of the second part, or his assigns, a deed of all his right, title and interest of, in and to the premises above described." It was further provided in that contract that "in case of failure on the part of the said party of the second part to fulfill this contract or any part of the same, the said party of the first part shall, immediately after any such failure, have the right to declare the same void, and retain whatever may have been paid on said contract, and all improvements that may have been made on said premises."

When the plaintiff took his accounts to the defendant "and demanded from the defendant a settlement and payment of the balance due on said contract, which the defendant refused to make," we think the plaintiff had an election to stand upon his legal title, and to maintain an action for the recovery of the possession of the premises in question, or to bring an action in equity for specific performance on the part of the defendant. In the event that an action had been brought in the latter aspect, to compel a specific performance, a tender of the deed simultaneously with the demand would have been proper, and in accordance with the cases bearing upon that aspect of the rights of the parties. While the absence of the tender of the deed might not have defeated the right of recovery had the complaint contained an offer to convey, and while the omission to tender the deed might have been considered in the question of costs (*Bruce* v. *Tilson*, 25 N. Y., 194), we think the refusal of the defendant to make the payment of the amount

due upon his contract authorized the bringing of the action in ejectment, and that such vendee is not entitled to notice to quit or demand of possession, if he is in default in making any of the payments or in performing any of the conditions or covenants specified in the contract of sale. (*Pierce* v. *Tuttle,* 53 Barb., 167.)

We think there is no force in the suggestion made by the counsel for the appellant, that the provisions of 2 Revised Statutes (312, § 57) should be applied to this case. That statute cut off the remedy of a mortgagee theretofore existing by way of an action in ejectment to recover possession of mortgaged premises. (*Murray* v. *Walker,* 31 N. Y., 399; *Wynehamer* v. *The People,* 13 N. Y., 485.) In the case of *Carr* v. *Carr* (52 N. Y., 251), cited by appellant, the sole title held by the plaintiff was such as he derived in virtue of the arrangement entered into with the purchaser of the land to advance and take title as security for such advances, and it "was but a mortgage." (See Opinion, p. 261.)

In the case before us, the legal title resided in the plaintiff. He has never parted with it. Besides, by the judgment entered, he is not allowed to recover until the defendant's right of redemption has been foreclosed by the expiration of the time within which he is allowed to redeem. If that time shall be suffered to expire, the title of the plaintiff will be as absolute and unquestioned as though he was purchaser at foreclosure sale. Several close rulings were had in the progress of the trial, in respect to the items of deal between the parties. After a careful inspection of the evidence, we are of the opinion that no ruling was had which was prejudicial to the rights of the appellant. The plaintiff had a written memorandum of some of the items on a slip of paper pinned to the contract, and he testified that he was unable to find it. His reference to the items on that paper in aid of his memory as to the items does not seem to be such an error as calls for an interference with the rule allowing it. It appeared by the evidence of the witness that the paper or memorandum was before the parties when they had an interview in the settlement of February, 1869; that it was looked over by both parties and used in connection with the settlement then had. After it appeared that the paper had been lost, we do not think it was error to test the witness' recollection of the items referred to in that settlement in the manner in which the referee

permitted. We think the evidence does not fall within the rule which excludes "self-serving declarations." (*Miles* v. *Sackett*, 3 How. [N. S.], 150; *Penniman* v. *Elliott*, 27 Barb., 321.)

At the close of a very long cross-examination of the plaintiff, the defendant's counsel asked him if he was a partner in Pool A, being a bucket shop arrangement for gambling at Oswego, in which his son, Charles A, was one of the managers. The question was objected to on the ground it was immaterial, incompetent and improper. It is now claimed by the appellant that an error was committed by the referee in excluding the answer to the question. It is not apparent from the case that the question called for any evidence that was material to the issue between the parties. If the object of the question was to affect or impair the credibility of the witness, whether it should be answered or not rested largely in the discretion of the court. (*Ross* v. *Ackerman*, 46 N. Y., 211.) The question is somewhat involved and complex, and we think no error was committed in holding that the question was improper.

We think the referee did not err in refusing to yield to the twenty-eighth request to find. The request is argumentative and asks that upon a certain state of facts being found it shall be determined that a certain "strong presumption" existed. We think the referee in the findings of fact made sufficiently answered the matters involved in the request. We have looked at requests twenty-nine, thirty, thirty-one, thirty-two, thirty-six and thirty-seven, and the refusals of the referee to find in accordance, therewith. Considering the requests in connection with the facts that are found in the body of the referee's report we are of the opinion that no error was committed which should lead to an interference with the decision of the referee. Upon a full consideration of the evidence before the referee, giving to his findings of fact such influence as we think they are entitled to, we are satisfied the referee has reached the proper conclusion. In the October Term of 1884, we heard a former appeal in this case and in the opinion then delivered we said, viz: "It may be observed that the referee has not found, as a fact, that any deed was tendered by the plaintiff before commencing this action. Nor any finding of a demand of judgment after a default of defendant, under the terms of the contract before suit brought Nor is there any finding of wrongful withholding of the premises. Defendant

went into possession by consent of plaintiff and continued in possession with plaintiff's consent. Whether there was any usury in the contract was a question of fact much litigated at the trial, but we are not prepared to say that the referee's finding that there was no usury was against the preponderance of evidence. The referee after finding the amount due upon the contracts, or for the land, might have allowed the defendant a reasonable time within which to pay up and have a deed of the premises. It was competent for the defendant to rely upon an equitable defense. His answer set up a purchase of the land and possession under contract from plaintiff, and he was authorized to set up the same facts which would if he were plaintiff in another action against the vendor entitle him to a conveyance of the land. (*Traphagen* v. *Traphagen*, 40 Barb., 537.) It has long been settled that an equitable defense may be interposed to a legal claim. (*Dobson* v. *Pearce*, 2 Kern., 156; *Crary* v. *Goodman*, 2 Kern., 266; *Phillips* v. *Gorham*, 17 N. Y., 275; *Cuff* v. *Dorland*, 55 Barb., 481.) Because the referee did not allow the defendant an opportunity to redeem the land upon payment of the balance found due with the costs of this action we think he did not give such effect to the features of the case presented by the pleadings and proofs as well as findings, as they were entitled to. (*Stoddard* v. *Whiting*, 46 N. Y., 627.) We think the referee in the trial now before us has followed the tenor of the opinion delivered upon the former appeal.

Judgment should be affirmed with costs.

BOARDMAN and FOLLETT, JJ., concurred.

Judgment affirmed, with costs.