## STATE v. ALVIN MANSELL.

### (Filed 27 May, 1926.)

**1. Rape—Alibi—Evidence—Identification.**

Where the defense of an alibi is relied upon on a trial for rape, where the prosecutrix has positively identified the prisoner as the man who committed the assault upon her, it is competent as *pars rei gestæ* for her to testify that shortly theretofore she had seen the prisoner slinking along the country road she was walking towards the scene of the crime, and that she said to herself, "I wonder why that negro is looking at me that way," identifying by her positive evidence this negro as the one who shortly thereafter committed the assault upon her.

**2. Same—Evidence—Corroborative Evidence.**

Where the identity of the prisoner is controlling in an action for rape, and the prosecuting witness has testified thereto, it is competent for the sheriff to testify as corroborative evidence former occasions, after the offense had been committed, on which in his presence the prosecutrix had identified the prisoner as the one who made the assault.

**3. Same.**

Upon the question of identity of the prisoner on trial for rape and assault, where the other evidence is sufficient thereon, it is competent for a witness to testify that he had several times before the commission of the offense seen the prisoner "slinking" along the road in that locality, as tending to show the prisoner knew the place, etc., along with the other evidence tending to establish his identity.

**4. Appeal and Error—Prejudice—Evidence—Questions and Answers— Rape—Identity of Prisoner—Alibi.**

Upon the question of the identity of the prisoner on trial for rape, a question and answer thereto is not prejudicial error, or should be stricken from the record on defendant's motion, when by the use of the word "there" the place of the crime was made clear by the other evidence addressed upon the same cross-examination, so that the jury could not have misunderstood it.

**5. Instructions—Courts—Expression of Opinion—Statutes—Evidence— Questions and Answers—Appeal and Error.**

Where upon the trial of a capital felony the same witness has several times fully answered a question of the defendant's attorney, it is within the discretion of the trial judge in order to expedite the trial, to relieve the witness of answering substantially the same question; and his statement before the jury that the witness had already fully answered, is not an expression of his opinion upon the weight and credibility of the witness, inhibited by statute.

**6. Courts—Military—Safety of Prisoner—Prejudice—Appeal and Error —Objections and Exceptions.**

Where for the protection of the prisoner on trial for rape, unexcepted to at the time, the military authorities, under the Adjutant General, has

STATE *v.* MANSELL.

quietly placed soldiers in the courtroom, and without the knowledge of the jury, have had all present examined for concealed weapons, and excluded a general attendance of the public, not connected with the case: *Held*, the prisoner's exception thereto thereafter, is untenable.

APPEAL by defendant from *Stack, J.*, at November Special Term, 1925, of BUNCOMBE. No error.

Indictment for rape. Verdict: Guilty. From judgment, that defendant suffer death, by means of electrocution, as provided by statute, defendant appealed.

*Attorney-General Brummitt and Assistant Attorney-General Nash for the State.*
*A. Hall Johnston for defendant.*

CONNOR, J. There are no exceptions to the evidence, offered by the State, to sustain its contention that the crime was committed as alleged in the indictment. There was evidence that the prosecutrix had been married about seven years, and lived with her husband, near the city of Asheville; that she had been the mother of four children, all of whom are dead; that she is not strong, physically. Many witnesses testified that they had known her for many years, and that they knew her general character; that it was good. There was no evidence or contention to the contrary. Her testimony, as to the time and place of the assault, and both as to the purpose of her assailant, and as to the result accomplished by him, was fully corroborated by many facts and circumstances, with respect to which there was no controversy on behalf of defendant.

There are no exceptions to the instructions of his Honor, in his charge to the jury, as to the law applicable to the evidence, tending to show that the prosecutrix was the victim of the crime, for which defendant was on trial. These instructions are clear, full and accurate. It is manifest that his Honor felt keenly the grave responsibility which was imposed upon him as the presiding judge at this trial, in which the issue involved, not only the peace and dignity of the State, and the protection of her citizens, but also the life and death of defendant. There were no requests for special instructions; no contention is made, by the learned and zealous counsel, who was assigned by the court, to aid the defendant upon his trial, and who appeared for him, upon his appeal in this Court, that there was any error of law, or of legal inference, with respect to this aspect of the case, to be presented to or passed upon by this Court.

Defendant denied that he is the man who committed the crime, for which he has been convicted by the jury. His defense is an alibi. He

contends that upon all the evidence the jury should have had, at least, a reasonable doubt as to the truth of the State's contention that he is the man who committed the crime. He complains that evidence relied upon by the State to sustain this contention was erroneously admitted by the court.

The prosecutrix testified that she first saw defendant, on the day upon which the crime was committed, sweeping the sidewalk, with a broom, at Fairview Cottage, where she had gone, early in the morning, as was her custom, to sell to patients at the cottage, wild flowers gathered by her on the mountain side. She was across two roads from defendant, up a little trail. She noticed him "because he made a racket down there, and was looking up at me. He did not speak, and I did not speak to him. I said to myself, 'I wonder what in the world that negro is looking at me for.'" Defendant's counsel promptly moved that this last statement by the witness be stricken from the record, and excepted to the refusal of the court to allow the motion. This exception cannot be sustained. It was competent to be considered by the jury as evidence tending to show the circumstances under which the witness first saw defendant, that morning, for the purpose of enabling the jury to determine both the credibility and weight of the witness' testimony identifying defendant as the man who, shortly thereafter, assaulted her on the mountain side, about a mile and a quarter from Fairview Cottage. Defendant admits that he was sweeping with a broom, at Fairview Cottage and that he saw prosecutrix there that morning, as she testified. Evidence of the impression made upon witness at the time was competent as *pars rei gestæ.* What she said to herself relative to defendant's manner is not only evidence of the extent to which she observed defendant at the time, but also tends to show that defendant was observing her. If she had made the statement to another, at the very time, it would have been competent. *Young v. Stewart,* 191 N. C., 297.

After defendant was arrested by the sheriff, during the afternoon of the day on which the crime was committed, he was taken into the presence of prosecutrix at the hospital. The sheriff testified that he went to prosecutrix's room, accompanied by defendant, another colored man, and three deputies; that when he got into the room, about a third of the way, the prosecutrix raised herself up from her bed, and said, "Sheriff, you have got him; that's him, that's him, that's him." Prosecutrix had testified that defendant was the man who had assaulted her; that she saw him plainly, and looked into his face, and knew that defendant was the man who had assaulted her the moment he came into the room. "He is the man who assaulted me and raped me. He certainly is the man, sitting right over there. I knew him when they brought him in here the other day. I can't be in doubt about it." De-

fendant excepted to the testimony of the sheriff as to statement made to him by prosecutrix. The court instructed the jury that this statement was not substantive evidence, but was to be considered by the jury merely as corroborative evidence. Defendant's assignment of error based upon this exception cannot be sustained. The sheriff further testified, "I stepped to the right and said to her, 'The large one or the small one?' She said, 'The small one.' This boy, standing kind of between me and her in bed, began to cry. I was on her left, and she said, 'You pretty nigh killed me.' The boy said, 'I was just telling you about them flowers.' "

Kelsey Bartlett, witness for the State, testified that he lives on Sunset Mountain, and knows prosecutrix. He knows the road upon which it is alleged the assault was made. He crosses it twice a day, going to and from his work. On several occasions he has seen a colored man "slinking along the road" in the evening. "I have looked at this defendant since he has been in court. I am confident that he is the man I have seen." Defendant excepted to this testimony. While the probative force of this testimony is not great, it cannot be held error to submit it to the jury, as tending to show that defendant had been on this mountain road, and knew the road. Assignments of error Nos. 6, 7, 8 and 9 based upon exceptions to this testimony cannot be sustained.

R. H. Luther, witness for the State, testified that he was in jail, on business, when defendant was brought in after his arrest. Witness testified, "I asked defendant where he was from; he said from South Carolina. I then asked him what he was doing out there where this woman was; he said he was just out there. He told me that, a couple of times, that he was just out there. I was talking to him about where the woman was hurt, that is what I meant." Exceptions to this testimony were properly overruled. It is true that it was for the jury to determine to what place witness referred in his question to defendant and to what place defendant understood witness to refer when he answered the question. Surely the jurors, as intelligent men, understood this. There was at least no prejudicial error in refusing to sustain defendant's objection to the testimony.

Prosecutrix testified that while she was returning from Fairview Cottage to her home, on the mountain side, on the morning of 19 September, 1925, walking along the road alone, a negro man passed her. She stooped to tie her shoe and the man passed on out of her sight. In a few moments, the man came back, with a rock in his hand, manifesting by his conduct a purpose to assault her. He rushed upon and knocked her down. This was immediately before the first assault. She testified that after the last assault, she became unconscious, as the result, partly, of

the blows which he inflicted upon her head with the rock. When she regained consciousness, her assailant had gone.

On cross-examination, counsel for defendant asked her the following questions:

"Q. About how much time, now, if you can make an estimate of it— I know it seemed to you like a longer time than it was, maybe, but about how long would you say it was from the time that negro came back down the road and met you that way down the road and assaulted you, until you became unconscious and he ran off?"

The witness replied:

"A. I can't tell you, Sir; I aint got no idea; I aint going to say, because I don't know."

"Q. Give us your best judgment of it?"

"A. I aint got no idea at all; I couldn't say."

By the court: "She says she has no idea at all; that is a complete answer."

Defendant excepted to the statement of the court, contending that this was an expression of an opinion by the court that the witness had testified truthfully. Defendant's construction of the court's statement, as same appears in the record, cannot be sustained. It is manifest that the court meant only that the answer was final, and that the question should not be repeated. This assignment of error cannot be sustained. It is both the right and the duty of the presiding judge to control the examination and cross-examination of witnesses, both for the purpose of conserving the time of the court, and for the purpose of protecting the witness from prolonged and needless examination. The exercise of this right and the performance of this duty should not be construed as a criticism of counsel, who must perform their duty and exercise their rights as they deem proper. There should be, and in this instance there was, no conflict between the respective rights and duties of judge and counsel. The witness, having stated several times that she had no opinion as to the matter involved in counsel's questions, it was proper for the court to suggest to counsel that her answer to his question was complete and final. Defendant was not prejudiced by the statement of the court, for the jury could not have understood such statement to be an opinion of the judge as to the truthfulness of her answer.

Defendant further excepted for that the court ordered the Adjutant General of the State who was present, with members of the State militia, at the trial under orders of the Governor, to conduct defendant into the courthouse, and to station the said members of the militia inside the bar and in various places in the courthouse, where they remained during the trial, in the presence of the jury. It does not appear from the record why this was done, further than it was done for the protection

of the defendant, and to insure him a fair trial. It appears from the record that the court also ordered that the court room be vacated and that all persons, coming into the room be searched for fire arms. These orders were not given in the presence of the jury. Defendant excepted.

Assignments of error based upon these exceptions cannot be sustained. If either the Governor or the judge had reason to apprehend that demonstrations unfavorable to the prisoner might occur, or that the prisoner was in danger because of popular excitement or indignation at the crime for which defendant was on trial, it was not only proper, but their duty to take precautions for the safety of the prisoner and the protection of the court. No objection was made by the defendant, or on his behalf to these orders at the time they were made. It does not appear that he was prejudiced thereby.

The State's evidence tended to show that the crime was committed between 8 and 9 o'clock in the morning. Defendant offered evidence from which he contended that the jury should have found that he was at work at Fairview Cottage during all the day from about 7 o'clock a. m. until about 3 p. m., and that he was no nearer the scene of the crime than a mile and a quarter. All this evidence was submitted to the jury, under instructions of the court, to which there are no exceptions.

After all, the issue involved chiefly the identity of defendant as the man who committed the crime. The prosecutrix, a woman of good character, was positive in her testimony identifying the defendant as her assailant; she was corroborated, and the jury has said by the verdict, that defendant is guilty. We find no errors of law or legal inference, and the judgment must be affirmed.

No error.