STATE v. NEWITT W. STONE.

(Filed 31 January, 1946.)

**1. Criminal Law § 79—**

Exceptions not set out in appellant's brief are deemed abandoned. Rule 28.

**2. Criminal Law § 85—**

Where the evidence is substantially similar to that introduced at the former trial, the decision of the Supreme Court on the former appeal that the evidence was sufficient to be submitted to the jury is *res judicata* and defendant's exception to the refusal of the court to dismiss as of nonsuit is untenable.

**3. Criminal Law § 42c—**

While cross-examination may be pursued as a matter of right so long as it relates to facts in issue or relevant facts which were the subject of the examination-in-chief, cross-examination for the purpose of determining the interest or bias of the witness or to impeach credibility, rests in the discretion of the trial court, and the limiting of the cross-examination in the exercise of such discretion is not reviewable.

**4. Criminal Law § 50a—Remark of court in sustaining objection to further cross-examination held not expression of opinion by court.**

In sustaining the State's objection to further cross-examination of a witness for the purpose of impeaching her credibility the court remarked that the witness is an elderly lady suffering from high blood pressure, that the court was of the opinion she had answered the interrogations sufficiently, and that the witness said she had tried to tell the truth and did not recall all the particulars of the evidence given by her in the former trial. *Held:* The remark was not, and could not have been understood by the jury, as an expression of opinion by the court as to the truthfulness of the witness, but was solely to suggest to counsel that her answers to his question were complete, in the discharge of the court's right and duty to control the cross-examination. G. S., 1-180.

APPEAL by defendant from *Burgwyn, Special Judge,* at April Term, 1945, of ROBESON.

The jury returned a verdict of guilty of murder in the second degree, and from judgment of imprisonment, predicated on the verdict, the defendant appealed, assigning errors.

*Attorney-General McMullan and Assistant Attorneys-General Rhodes, Moody, and Tucker for the State.*

*F. D. Hackett and Johnson, Johnson & Timberlake for defendant, appellant.*

SCHENCK, J.   The appellant sets out in his brief only five exceptions. Hence all other exceptions appearing in the record are taken as abandoned.   Rule 28, Rules of Practice in the Supreme Court, 221 N. C., 562. The exceptions presented for our consideration may be most conveniently discussed in the order they are presented in the brief.

The first exceptions set out in the brief are Exception No. 6 and Exception No. 7, which relate to the refusal of the court of the defendant's motion to dismiss the action or for judgment of nonsuit lodged when the State had produced its evidence and rested its case, and renewed after all the evidence in the case was concluded.   G. S., 15-173. These exceptions are untenable for the reason that this case was before the Court on a former appeal (*S. v. Stone,* 224 N. C., 848), and the Court then said, "We think the evidence sufficient to warrant its submission to the jury."   The evidence produced at this trial is substantially similar to the evidence produced at the former trial.   Under these circumstances the question of nonsuit, or the sufficiency of the evidence to be submitted to the jury, the decision of the Court on the former appeal is decisive.   *S. v. Lee,* 213 N. C., 319, 195 S. E., 785.   Where the question of sufficiency of evidence to go to the jury had been passed upon in a former appeal in the same case, this Court said: "This Court passed on the evidence in this case when it was here before.   There is no material difference in the evidence on the former and this appeal.   On this aspect, the matter is *res judicata.*"   *Jernigan v. Jernigan,* 207 N. C., 831 (835), 178 S. E., 587.

The second exception set out in appellant's brief is Exception No. 1, which relates to the court's sustaining an objection by the State to an interrogatory propounded by counsel for defendant to a State's witness, Mrs. Annie Edwards, mother of the deceased.   The record shows that counsel for the defendant, on cross-examination, propounded the following interrogatory to State's witness, Mrs. Annie Edwards: "Well, you didn't tell the exact truth when you made the statement on direct examination that your brother (the defendant) didn't make any reply when you charged him with killing your son, did you?   You were mistaken about that, weren't you?   Come on and tell me?"   In *S. v. Beal,* 199 N. C., 278, at page 298, 154 S. E., 604, it is written: "Furthermore, it is an unquestioned truism that the cross-examination of a witness may be pursued by counsel as a matter of right so long as it relates to facts in issue or relevant facts which were the subject of his examination-in-chief.   *Milling Co. v. Highway Com.,* 190 N. C., 692, 130 S. E., 724. When, however, it is sought to go beyond the scope of the examination-in-chief, for purposes of determining the interest or bias of the witness and to impeach his credibility, the method and duration of the cross-examination for these purposes rest largely in the discretion of the trial

court. *S. v. Patterson,* 24 N. C., 346; Wigmore on Evidence (2d Ed.), sec. 944 *et seq.;* 28 R. C. L., 445." It is apparent that the question assailed by the objection under consideration had for its purpose the determination of the interest or the bias of the witness, and to impeach her credibility, and its admission or denial, therefore, rested in the discretion of the trial court, and an exception thereto could avail the defendant nothing.

The third exceptions set out in the appellant's brief are Exception No. 2 and Exception No. 3, which relate to the contention of the defendant that the court violated G. S., 1-180, which provides that "no judge . . . shall give an opinion whether a fact is fully or sufficiently proven, that being the true office and province of the jury; . . ." From the record it appears that immediately after the court sustained the objection by the solicitor to certain further cross-examination of the State's witness, the court remarked: "The Court finds that the witness is an elderly lady, suffering from high blood pressure and the Court is of the opinion she has answered interrogations of counsel as to whether or not her brother made a reply, sufficiently. (Exception No. 2.) She has insisted that she has tried to tell the truth about the matter to the best of her recollection and does not recall all the particulars of her evidence given in a former trial" (Exception No. 3). The defendant's contention for the construction of the court's statements as manifesting the opinions of the court cannot be sustained. It appears that the court meant only that the answer of the witness was complete and that the question should not be repeated. It is both the right and duty of the presiding judge to control the examination and cross-examination of witnesses, both for the purpose of conserving the time of court and of protecting the witness from prolonged and needless examination. The witness having stated that her "blood was high" and she had much trouble, but she knew she wanted "to be honest and tell the truth," it was proper for the court to suggest to counsel that her answer to his question was complete. Defendant was not prejudiced by the statement of the court, for the jury could not have understood such statement to be an opinion of the judge as to the truthfulness of her answer. *S. v. Mansell,* 192 N. C., 20, 133 S. E., 190. These assignments of error cannot be sustained.

There are other exceptions in the record but they are not set out in the appellant's brief, nor are any reasons or argument stated or authority cited therein, in support thereof and they, therefore, are taken as abandoned.

On the record we find

No error.