JOSEPH A. SULLIVAN, ALFRED GOTTESMAN, MILTON M. GETTINGER, ROBERT GETTINGER, MILTON M. GETTINGER AND ROBERT GETTINGER, A COPARTNERSHIP, MILTON M. GETTINGER AND ROBERT GETTINGER, a LIMITED PARTNERSHIP, DOING BUSINESS AS MILTON M. GETTINGER ENTERPRISES, ROBERT GETTINGER, EXECUTOR OF THE ESTATE OF MILTON M. GETTINGER, DECEASED, L. B. SCHERER, THE DUNES HOTEL, INC., ALEXANDER BARAD, PATRICIA BARAD, BENJAMIN LASSOFF, IRENE LASSOFF, ROBERT RICE, MARJORIE RICE, LEA SULLIVAN, BIRDIE RUTH GOTTESMAN, CHARLES FANNING, AGNES FANNING, JASON TARSEY AND BESS TARSEY, APPELLANTS, v. LAWRENCE G. McNEIL AND BRUCE W. McNEIL, A COPARTNERSHIP, DOING BUSINESS AS McNEIL CONSTRUCTION CO., RESPONDENTS.

No. 4076
November 19, 1958. 331 P.2d 853.

*Jones, Wiener & Jones,* of Las Vegas, for Appellants.

*John C. Mowbray,* of Las Vegas; *Woodburn, Forman, Wedge, Blakey and Thompson,* of Reno, for Respondents.

# OPINION

By the Court, MERRILL, J.:

This action is for foreclosure of a mechanic's lien. Judgment was for plaintiffs and defendants have taken this appeal. The principal issue upon appeal is raised by defendants' contention that there has been a failure of proof of plaintiffs' claim.

The claim is based upon a contract for construction of a resort hotel in Clark County. By the original contract it was agreed that the plaintiffs, as contractor, would be paid the actual cost of construction plus an agreed fee. It was further agreed that the cost of construction would not exceed $1,592,972 and that all costs in excess of such amount would be borne by the contractor.

The contract contemplated that changes in plans and specifications might be desired by the owner as the work proceeded. It was provided that the contractor should furnish an estimate of the cost or savings resulting from any such requested change, after which a change order would be issued by the owner in which the corrected amount of the guaranteed maximum cost would be set forth. Under this provision 23 change orders were issued. Each specified the new guaranteed maximum cost. The maximum cost as finally fixed was in the sum of $2,530,440.99.

Upon trial the plaintiffs made proof of the cost of construction, of the fees to which they were entitled under the contract provisions, and of the sums remaining unpaid. Upon this proof the court sitting without jury awarded judgment to the plaintiffs for $86,634.41.

The defendants' contention of failure of proof is based upon the fact that plaintiffs, under cross examination, were unable to state how much of the ultimate cost was attributable to construction provided by the original contract and how much to that provided by the individual change orders. Plaintiffs testified that their records

were not set up to provide this information; that considerable additional expense would have been involved in so setting them up; that such information would serve no useful purpose; that for these reasons it was not their business practice to set their records up in such fashion.

The issue before us is whether, under the contract as modified by the change orders, such information is necessary to a determination of the rights of the parties.

Defendants contend that each change order must be construed as an independent contract and that the actual cost of the construction provided by each change order must therefore be proved. If a saving (below estimate) resulted on any specific change, they contend, they are entitled to credit for it regardless of the overall cost.

From an examination of the contract and the change orders we conclude that this is not a proper construction of those instruments. Had this been the intent of the parties there would have been no significance to the overall guaranteed maximum cost and no reason for requiring that it be calculated after each change or for stating it in each change order. It was clearly the overall cost with which the parties were concerned as the significant figure upon which their rights and obligations were to be determined.

Accordingly we find no merit in defendants' contention of failure of proof.

Defendants contend that the court erred in allowing plaintiffs a fee greater than that provided by the original contract. Each change order specified not only the new guaranteed maximum cost, but an increased fee to plaintiffs in a specified amount. Accordingly we find no merit in this contention.

Defendants contend that the court erred in allowing plaintiffs an additional fee in consideration of the savings in construction costs below the guaranteed maximum. The contract provided for such fee. It was agreed that the contractor should receive an additional fee equal to 25 percent of such savings. Defendants contend, however, that this provision should apply only to the

original maximum cost and not to the modified maximum cost as specified in each change order. We do not regard this as a reasonable construction and, accordingly, find no merit in this contention.

Defendants contend that the court erred in awarding plaintiffs judgment for counsel fees for the reason that there was a failure of proof. No testimony was presented as to the extent of legal services provided, time spent, or value.

It was stipulated, however, "that John C. Mowbray was and is the attorney for the plaintiffs herein; that in lieu of the testimony of John C. Mowbray pertaining to his services as counsel for plaintiffs, the court may consider all the records, files and pleadings in this proceeding."

Since the award of counsel fees was by determination of the judge rather than a jury this stipulation permitted the judge to draw upon his knowledge and experience in assessing the value of the work reflected by the record before him and by the trial he had just concluded. The stipulation thus in effect supplied all proof necessary.

Defendants contend that the court erred in limiting their cross examination of one of the plaintiffs. A direct examination of this witness consumed a portion of one day. In the course of this examination he testified generally to full compliance by plaintiffs with the terms of the contract, a matter not in issue. The cross examination of this witness consumed some six days. The subject upon which cross examination was ultimately limited was the manner of plaintiffs' compliance with the terms of the contract. Defendants assert that although this was not in issue, the subject was available to them upon cross examination for purposes of impeachment.

The trial court has general discretionary control over the extent of cross examination. State v. Stone, 226 N.C. 97, 36 S.E.2d 704; Fahey v. Clark, 125 Conn. 44, 3 A.2d

313, 120 A.L.R. 517. See also, United States v. Coplon, 185 F.2d 629 (2d Cir. 1950), 28 A.L.R.2d 1041; United States v. Stoehr, 100 F.Supp. 143 (M.D. Penn. 1951). Considering the length of the cross examination in this case, we conclude that no abuse of discretion has been shown.

Affirmed.

BADT, C. J., and EATHER, J., concur.