STATE OF NORTH CAROLINA v. GEORGE HOLLINGSWORTH

No. 7112SC447

(Filed 14 July 1971)

**1. Jury § 7— special jurors — challenge to the array — racial discrimination**

Defendant's challenge to the array of special jurors on the grounds that the six jurors summoned by the sheriff were white and that the defendant was a Negro was properly denied by the trial judge. G.S. 9-11(a) and (b).

**2. Jury § 7— challenge for cause — jurors doing business with witness**

Trial court properly denied defendant's challenge for cause of two prospective jurors who had had business dealings with some of the State's witnesses.

**3. Criminal Law § 99— remarks of trial court — expression of opinion**

Trial judge's statement that the question put to the witness had been previously answered did not amount to an expression of opinion on the evidence. G.S. 1-180.

**4. Criminal Law § 99— remarks of trial court**

Trial court's remarks made out of the presence of the jury could not have prejudiced the defendant's cause.

**5. Criminal Law § 99— remarks of trial court — what constitutes prejudicial error**

A defendant who contends that the trial court's remarks amount to an expression of opinion in the presence of the jury must show more than the possibility of unfair influence; it must appear with ordinary certainty that the court's language, when fairly interpreted, was likely to convey an opinion to the jury and could reasonably have had an appreciable effect on the result of the trial.

APPEAL by defendant from *Bailey, Judge,* 25 January 1971 Session of Superior Court held in HOKE County.

The defendant George Hollingsworth was charged in valid warrants with resisting, delaying, and obstructing an officer in the performance of his duties, and with simple assault with his fists upon the same officer, in violation of G.S. 14-223 and G.S. 14-33. Upon the defendant's plea of not guilty, evidence was offered tending to show that at approximately 8:00 p.m. on 9 November 1969, Highway Patrolman J. E. Stanley was investigating an automobile accident on U.S. Highway 401 Bypass north of Raeford. The officer had observed a Mr. Holt lying in one of the automobiles and observed that he had a laceration on his head but was conscious. The rescue squad arrived at the scene, and the highway patrolman was assisting in getting other injured persons, a Mrs. King, who was pregnant, and two children, on stretchers when he was approached by the defendant who requested him to look in Mr. Holt's automobile. The officer went back to the Holt automobile, got Mr. Holt up, and found that he was drunk. When he started to go back to assist the injured members of the King family, the defendant asked him if he was going to help Mr. Holt. The officer told the defendant to leave him alone; whereupon, the defendant grabbed the officer by the shirt and pushed him up against the Holt automobile and told him, "You are going to help this person." The patrolman seized the defendant, pushed him across the highway and told him that he could consider himself under arrest for interfering with an officer. The patrolman started to walk away and was again seized by the defendant. Responding to the patrolman's call for assistance, Deputies Sheriff Harvey Young and Robert Locklear pulled the defendant off the patrolman who then succeeded in getting one handcuff on

the defendant's wrist. The defendant then broke away from the deputies and struck the patrolman on the side of the head with the handcuffs, inflicting a minor cut. The defendant continued to curse and fight and the officer testified that he struck the defendant in the mouth with his fist.

The defendant testified that he came to the scene of the accident and was looking in the Holt automobile when the highway patrolman struck him in the chest and told him to move back. Later, the patrolman came back to the Holt automobile and told the defendant he was under arrest and put the handcuffs on him. According to the defendant's testimony, the patrolman then struck the defendant with his fist and that was when the defendant started scuffling. The defendant stated that it "[w]asn't too long before Mr. Young and Mr. Robert Locklear came up and they just brutalized over me." The defendant testified that the two deputies held him and the patrolman struck him in the mouth with the flashlight.

The jury found the defendant guilty as charged in the warrants, and from a judgment of imprisonment of six months on the charge of interfering with an officer, and a judgment of imprisonment of thirty days on the charge of assault, the defendant appealed to this Court.

*Attorney General Robert Morgan and Staff Attorney Russell G. Walker, Jr., for the State.*

*Moses & Diehl by Philip A. Diehl for defendant appellant.*

HEDRICK, Judge.

[1] The defendant first assigns as error the court's denial of his motion to challenge the array of six special jurors summoned by the sheriff pursuant to the order of the judge. The record reveals that prior to the completion of the selection of the petit jury to try this case, the regularly summoned jury panel had been exhausted and only eight jurors had been selected to serve. The defendant "moved to challenge the array of special jurors upon the grounds that the 6 jurors summonsed [*sic*] by the Sheriff of Hoke County were all of the white race and that the Defendant was Negro." The motion was denied, and after the petit jury had been selected and empaneled, the trial court made the following entry in the record: "Due to

the challenge of the Defendant as to the race or color of the jury, this jury was sworn and empaneled consisting of 4 Negro, 7 white and 1 Indian jurors."

G.S. 9-11(a) and (b) provides for the selection of supplemental jurors and gives the presiding judge the right to call for such additional jurors as shall be necessary to conduct the business of the court. The judge may direct the jurors be drawn from the regular jury list or may allow the sheriff to select the additional jurors from the body of the county. The court may also require some person other than the sheriff to make the selection of the special jurors if, in his discretion, he believes the sheriff is not suitable because of a direct or indirect interest in the action to be tried.

The defendant's motion challenges only the fact that the six supplemental jurors summoned by the sheriff to serve were members of the white race, and the defendant was a Negro. The defendant's motion does not challenge the order of the court directing the sheriff to select six supplemental jurors, nor does it challenge the action of the sheriff in selecting the jurors, nor does the defendant by his motion contend that members of the Negro race were systematically excluded by the sheriff in his selection of the six jurors. This assignment of error is overruled.

[2]   Next, the defendant contends the court committed prejudicial error in not allowing his challenge for cause of two prospective jurors who had had business dealings with some of the State's witnesses. The question of the competency of any juror challenged for cause rests largely in the discretion of the trial judge, and is not reviewable on appeal in the absence of a showing of an abuse of discretion. *State v. Blount,* 4 N.C. App. 561, 167 S.E. 2d 444. This assignment of error is without merit.

[3-5]   By his third assignment of error, based on numerous exceptions in the record, the defendant asserts that the trial judge violated the prohibition of G.S. 1-180 by expressing an opinion upon the evidence in the presence of the jury to the prejudice of the defendant. We do not agree. Exceptions Nos. 5 and 9 were simply statements that the question put to the witness had been previously answered and are not considered expressions of opinion. *State v. Mansell,* 192 N.C. 20, 133 S.E. 190 (1926). The remarks identified by Exception No. 7 were made

out of the presence of the jury and could not have prejudiced defendant's cause. With regard to the other instances of questions and remarks brought forward by defendant, it has long been the rule in North Carolina that a showing of a possibility of unfair influence is not sufficient. It must appear with ordinary certainty that the court's language, when fairly interpreted, was likely to convey an opinion to the jury and could reasonably have had an appreciable effect on the result of the trial. *State v. Jones,* 67 N.C. 285 (1872) ; *State v. Perry,* 231 N.C. 467, 57 S.E. 2d 774 (1950). The defendant has failed to show that he was prejudiced in any way by the remarks of the judge. This assignment of error is overruled.

We have carefully examined all of the assignments of error brought forward and argued in the defendant's brief and conclude that the defendant had a fair trial free from prejudicial error.

No error.

Judges BROCK and MORRIS concur.