State v. Wallace

STATE OF NORTH CAROLINA v. ENOS LEE WALLACE

No. 7426SC325

(Filed 15 May 1974)

1. Criminal Law § 89— impeachment of defendant — commission of specified offenses

A witness may, for the purpose of impeachment, be examined as to whether he has committed named criminal offenses and acts of degrading conduct which are not the subject of the case being tried and for which he has not been convicted.

2. Criminal Law § 114— instructions — statement that "we are trying" defendant

The trial court's statement to the jury that "we are trying" the defendant under a certain bill of indictment did not imply to the jury that the trial judge was a part of the solicitor's machinery for prosecution.

APPEAL by defendant from Grist, Judge, at the 17 December 1973 Schedule C Session of MECKLENBURG Superior Court.

Heard in the Court of Appeals 22 April 1974.

Defendant was indicted and convicted of armed robbery, a violation of G.S. 14-87. The evidence for the State tended to show that on the afternoon of 26 July 1973, two men, later identified as the defendant and one Ralph Laney, walked into the Wilgrove Superette in Charlotte, North Carolina. The two men walked to the meat counter in the rear of the store and asked Mr. Dorsey W. McElroy, proprietor of the store, if he had a certain type of bologna, which Mr. McElroy did not have. Outside the store in a car was a young girl, Lisa Case, who testified that at the time in question, she saw the defendant go into the Wilgrove Superette and then come back out. Miss Case then left. Mr. McElroy testified that the defendant and Laney did go outside but they returned a few moments later. The defendant, who this time had a shotgun in hand, stated that their car had overheated and asked if they might have some water. Mr. McElroy went to get the water but the defendant said, "This is a stickup." Mr. McElroy raised his hands. Laney picked up a butcher knife on the drainboard, came over to Mr. McElroy and took his wallet, which contained three one dollar bills. Mr. McElroy was then locked in the storage room. Sometime shortly thereafter, Mr. McElroy removed himself from the storage room by going through a rear door and called the police. Mr.

McElroy then went back into the store to see what was missing. The cash register was open and some forty dollars in currency and three to four dollars in silver had been taken as well as a pistol which had been in a drawer underneath the cash register.

The defendant, testifying in his own behalf, stated that when he arrived at the Wilgrove Superette, another car was there with the hood up. The defendant recognized one of the people in the other car as being a man named Laney. The defendant testified that he went into the store, asked for the bologna, found it was unavailable, and then left with the people he had come with, Willie Hamilton and David Hamilton. The Hamilton brothers testified that they came to the Wilgrove Superette with the defendant Enos Lee Wallace, who went inside to ask for some bologna. When Wallace returned empty-handed, they left, leaving behind the other car.

*Attorney General Robert Morgan by Deputy Attorney General Andrew A. Vanore, Jr., for the State.*

*Myers & Collie by George C. Collie for defendant appellant.*

CAMPBELL, Judge.

[1]   The defendant contends that it was error to allow the Solicitor to question the defendant about committing specific criminal acts raising the inference he had been indicted or charged but not convicted. The Supreme Court of North Carolina has held on numerous occasions that the witness may, for the purpose of impeachment, be examined as to whether he has committed named criminal offenses and acts of degrading conduct which are not the subject of the case being tried and for which he had not been convicted. *State v. Foster,* 284 N.C. 259, 200 S.E. 2d 782 (1973) and cases there cited. But see *State v. Williams,* 279 N.C. 663, 185 S.E. 2d 174 (1971).

[2]   The defendant also assigns as error and a violation of G.S. 1-180 the statement of the trial judge in the opening of his charge which reads:

> "Now, members of the jury, in the case in which we are trying the defendant Enos Lee Wallace is charged in a bill of indictment as follows: . . . "

The defendant contends that the trial judge's use of the phrase "we are trying" conveyed to the jury the inference that the trial

judge was part of the solicitor's machinery for prosecution. The judge, jury, solicitor and defense counsel are all participants in a trial. It is obvious that the trial judge intended to include everyone in the courtroom in his term "we." In *State v. Hollingsworth,* 11 N.C. App. 674, 182 S.E. 2d 26 (1971), this Court stated, " . . . It must appear with ordinary certainty that the court's language, when fairly interpreted, was likely to convey an opinion to the jury and could reasonably have had an appreciable effect on the result of the trial. . . . " The defendant has failed to show that he has been prejudiced in any way by the remarks of the trial judge.

Finally, the defendant assigns as error the failure of the trial court sufficiently to explain to the jury the crime of armed robbery and to apply it to the evidence in the case. However, the trial court fully outlined each of the elements of the offense of armed robbery, recounted the evidence and charged the jury as to what facts they had to find which would supply each element of the crime. The charge was full, complete and free from prejudicial error. We find no error.

No error.

Judges MORRIS and VAUGHN concur.