The information charged the defendant with a violation of § 53-295 of the General Statutes, entitled "Pool selling." The trial court entered a judgment of guilty, and an appeal was taken by the defendant. Nine errors are assigned; the first two are concerned with the refusal of the court to correct its finding as requested by the defendant; the next four are concerned with rulings upon the admission of evidence; the seventh assignment of error concerns the refusal of the court to grant the defendant's motion to dismiss the information; the eighth assignment claims the court erred in a conclusion reached in its finding; and the last assignment of error concerns the conclusion of the court that the defendant was guilty of the crime charged beyond a reasonable doubt. *Page 509 
Since the rights of the defendant are completely protected by the full examination of all the evidence which this court must make in order to determine whether the defendant could be found guilty beyond a reasonable doubt, we do not consider the first two errors assigned. State v. MacCullough,115 Conn. 306, 307.
In his third assignment, the defendant alleges that the court erred in admitting the opinion of the state's witness, Lieutenant Roach, as to what certain writings represented, without first qualifying him as an expert. The defendant did not set forth the question, the objection, the answer if any, and the exception in an exhibit annexed to his assignment of errors, as required by Circuit Court Rule 7.29.1(4), but merely referred to three pages of the transcript. After a careful examination thereof, we conclude that this assignment of error has no merit because nowhere in these three pages is there contained any question, to which the defendant objected, which resulted in the expression of an opinion by the witness Roach.
The fourth and fifth assignments of error both concern the admission in evidence of the state's exhibits A, B and C, three slips of paper found on the defendant. In the fourth assignment, error is claimed on the ground that the three slips of paper were illegally obtained from the person of the defendant because the search warrant which Roach had in his possession at the time he searched the defendant was defective. The record discloses that there were omissions in the search warrant so as to make it appear that it was directed to a state policeman. The defect was not such as would invalidate the warrant. The return on the search warrant was signed by Roach. The evidence established that he was a member of the police department *Page 510 
of the city of Hartford and that he used the warrant within the area coming within his jurisdiction as a police officer. The legality of the search warrant is not in issue. The only question is as to its sufficiency. The criteria set forth in article first, § 8, of the constitution of Connecticut have been met.
In the fifth assignment, error is claimed on the ground that exhibits A, B and C were admitted before the corpus delicti was established. The state offered evidence which established that the three exhibits were found on the defendant's person. The witness, Roach, was asked his opinion of the writing contained in each exhibit. The defendant objected on the ground that to admit testimony as to what the writing purported to be would be to allow evidence which might, as to the defendant, be self-incriminating and that its effect would be to allow an admission of a confession in evidence without first establishing a corpus delicti. The three exhibits were not written confessions of the guilt of the defendant; there is no evidence that they were in the defendant's handwriting; they were not introduced by the state as voluntary statements by the defendant of the fact that a crime was committed and of the defendant's agency therein. State v. LaLouche,116 Conn. 691, 694. Until a statement, or an act, or a writing is determined to come within the definition of a confession, as the word is used in this state, the condition precedent that the corpus delicti must be established in advance of the admission of the evidence in question does not apply. These exhibits were simple pieces of property found upon the person of the defendant and cannot be construed as confessions. Any incriminating aspect which they may have taken on was as a result of the defendant's conduct in respect to them. State v. Reynolds,101 Conn. 224, 232, 233, and cases cited. *Page 511 
We do not consider the sixth assignment of error because the defendant did not pursue it either in his brief or in oral argument. Independent MethodistEpiscopal Church v. Davis, 137 Conn. 1, 16; see Practice Book § 455.
The seventh assignment of error concerns the refusal of the trial court to grant the defendant's motion to dismiss the information. This action is not assignable error. State v. Boucher, 119 Conn. 436,437; State v. Fasano, 119 Conn. 455, 459; State
v. Murphy, 124 Conn. 554, 567; Maltbie, Conn. App. Proc. § 212.
In his eighth assignment, the defendant claims that the court erred in concluding that he was concerned in pool selling on January 27, 1961. The principal facts set forth in the finding are: On January 27, 1961, Lieutenant Roach, a member of the Hartford police department and in charge of its vice division, apprehended the defendant in the cafeteria on the premises known as 1429 Park Street, Hartford, and found, after search by warrant, in the pocket of an apron then worn by the defendant, three pieces of paper containing horse bets in the total amount of $7, an Armstrong racing sheet dated January 26, 1961, and four pencils, and, in the right-hand pocket of trousers then worn by the defendant, $7 in United States currency. At the trial of his case, the defendant did not take the witness stand and did not dispute the state's evidence by any of his testimony. On the basis of the subordinate facts summarized above, the trial court found, as a preliminary conclusion, that the defendant was concerned in pool selling. A preliminary conclusion is valid if it is supported by the subordinate facts as found and represents a correct application of legal principles. Bridgeport Hydraulic Co. v. Scortina,138 Conn. 690, 692. One is concerned in a matter *Page 512 
when he has some connection with it, when it affects his interest or involves him; to constitute a violation of § 53-295, the actual making of bets is not required.State v. Fico, 147 Conn. 426. From the subordinate facts found, it appears that the defendant had on his person three slips containing horse bets in the amount of $7 together with an Armstrong racing slip. His failure to take the witness stand to testify about matters within his knowledge creates the strong inference that the three slips were his and that he knew that they were on his person. In our opinion, the subordinate facts support the conclusion that the defendant was concerned in pool selling.
We look now to the ninth assignment of error, wherein the defendant claims error by the court in concluding upon all the evidence that he was guilty of the crime charged beyond a reasonable doubt. The crime charged was pool selling in violation of § 53-295 of the General Statutes. The information used was the short-form information authorized by Practice Book § 344. The information did not set forth the means by which the offense was committed. This is proper as provided by Practice Book § 349. A careful perusal of § 53-295 of the General Statutes reveals that there are several "means" by which it can be violated; among them are the following: (1) By making, recording or registering any such wager, or by buying, selling or being concerned with buying or selling any such pools; (2) by being the custodian of any pools, money, property or thing of value in any manner wagered or bet upon the result of a horse race, or of any apparatus of any kind used for the purpose of assisting in buying or selling any such pools or making any such wagers or bets. At the time the defendant was presented in court to enter his plea, he knew the crime with which he was charged. He knew also, or *Page 513 
was charged with knowing, the various elements of the statute in question and the different means by which the statute could be violated. He did not seek a bill of particulars, so that he cannot now claim that he was not apprised of the specific violation within the statute on which he was to stand trial. State v. DiLorenzo, 138 Conn. 281, 285.
The court had uncontradicted facts which established that the defendant was apprehended at his place of employment by the police, who found in the pocket of an apron which he was then and there wearing three pieces of paper containing horse bets in the total amount of $7 and four pencils, and, in one of his trouser pockets, $7 in currency. With these facts and the inference, unfavorable to the defendant, which the court could justifiably draw as a result of his failure to testify on his own behalf and, consequently, explain or attempt to explain the pieces of paper, the $7 and their presence on his person, the court could properly conclude that the papers and money were evidence of pools, money and property wagered or bet upon the result of a horse race, and that the defendant was the custodian of them at the time he was apprehended. State v.Johnson, 140 Conn. 560, 565. Upon all of the evidence presented, the trial court was warranted in concluding that the defendant was guilty of the crime charged beyond a reasonable doubt.
 There is no error.
In this opinion CASALE and HOLDEN, Js., concurred.