STATE OF CONNECTICUT *v.* CHARLES R. CARITO

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. MV 11-494

Argued July 24, 1961—decided April 10, 1962

*Nicholas G. Sarantopoulos,* of Danielson, for the appellant (defendant).

*James Oliver,* assistant prosecuting attorney, for the appellee (state).

LACEY, J. In a trial to the jury, the defendant was convicted of speeding. General Statutes § 14-219. He has appealed from his conviction.

The defendant assigns error in two rulings of the trial court on evidence and in so doing merely referred to two specific pages of the transcript of the evidence. In neither assignment of error did the defendant comply with Circuit Court Rule 7.29.1 (4), which requires that when error is assigned in the admission or rejection of evidence, each assignment shall set forth the question, the objection, the answer if any, and the exception, in an exhibit annexed to the assignment of errors. Assignments of error must be specific. *State* v. *Bassano,* 22 Conn. Sup. 507, 509.

In the determination of the instant appeal, the Appellate Division is concerned only with the two errors assigned by defendant as to rulings on the evidence. The charge to the jury is not under attack, and no motion was made by the defendant to set aside the verdict.

At the trial, a state police officer testified that he observed the defendant operating the motor vehicle at the time in question and expressed an opinion as

to the speed at which it was being operated, based upon his experience and observation. Upon cross-examination, counsel for the defendant, in an effort to impeach the testimony of the officer, asked the following question: "Supposing you and I are cutting high card or rather that you and I are cutting for aces, what are the probabilities of your getting an ace?" The trial court sustained an objection to this question, and the defendant duly excepted. The defendant urges as his first assignment of error that the question should have been allowed, since its purpose was to test the accuracy of the officer's estimate of speed given on direct examination. The answer to the question, whatever it might be, would have little, if any, evidential value on the issues of the case, and it was within the discretion of the trial court to exclude the inquiry as one seeking to bring out a fact too remote to be useful.

The extent of and limitations on cross-examination have been defined in *Bishop* v. *Copp,* 96 Conn. 571, 574, and approved in *Fahey* v. *Clark,* 125 Conn. 44, 46. The trial court should restrict the examination of a witness to evidence that is competent, material and relevant. The examination of a witness may be carried as far as it will serve to develop the issues involved and aid in the search for the truth, and when it extends beyond that, the trial court should, in the exercise of a judicial discretion, curtail the length and limit of the examination. Although cross-examination is to be liberally allowed, its extent is nevertheless much in the discretion of the trial court, and the exercise of this discretion will be sustained unless it clearly appears that it has been abused. *Fahey* v. *Clark,* supra.

The trial court was clearly correct in sustaining the objection to the question, which was immaterial and of no probative value. This disposes of the first assignment of error.

The defendant testified upon direct examination that he had operated a motor vehicle for three years. Upon cross-examination he again testified to the same effect and, further, that he had obtained his operator's license when he was sixteen years of age. Counsel for the state then inquired if he had been driving steadily since that time, and he replied, "Well, no, I was suspended once." Counsel for the defendant objected after the question had been answered, and the trial court stated that the question was whether the defendant had been driving steadily for three years and the defendant volunteered the information concerning suspension. The court on its own motion ordered the answer stricken as not responsive and allowed the question whether the defendant drove steadily for three years to be asked of the witness, the court indicating that a Yes or No answer should be given. The defendant objected to this question and, when the objection was overruled, excepted. The defendant answered No to the question, and the trial court then made the following statement to the jury: "I might instruct you to remove from your mind the statement he made that was stricken from the record. The statement he made as to why he wasn't driving steadily for three years."

The instruction to the jury to disregard the stricken evidence was adequate. In the face of this instruction, the jury could not have been misled, nor the defendant prejudiced. It is to be presumed, when the contrary does not appear, that the jury have followed the instructions of the court in making up their verdict. *Gorman* v. *Fitts,* 80 Conn. 531, 534; see *Drazen* v. *New Haven Taxicab Co.,* 95 Conn. 500, 502.

The ruling of the trial court was correct. The defendant had testified as to his driving experience, his ability to estimate speed and the fact that he

had driven a motor vehicle for three years. The question whether the defendant steadily drove a motor vehicle during that period of time was relevant and touched upon his ability properly to estimate speed, a fact to which the defendant had testified. The second assignment of error is without merit.

There is no error.

In this opinion MONKIEWICZ and DALY, Js., concurred.