JAMES McLAY vs. THE MONTOWESE BRICK COMPANY
ET ALS.

Third Judicial District, Bridgeport, October Term, 1919.

PRENTICE, C. J., WHEELER, BEACH, GAGER and CASE, Js.

While § 6055 of the General Statutes, relating to an action in the nature of interpleader, extends the field for that equitable relief, it does not permit the substitution of that procedure for any existing legal remedy equally efficacious. Accordingly, there is no reason why a judgment-debtor who has been garnisheed by several alleged creditors of the original judgment-creditor, should resort to an action of interpleader, since he is fully protected, in either capacity, by the statutory provisions (§§ 5931, 5967, 5973) prohibiting the issue of execution on a judgment-debt which has been factorized, and safeguarding the garnishee from the possibility of having to satisfy claims in excess of the amount of the judgment recovered against him.

The case of *Coit* v. *Sistare*, 85 Conn. 573, distinguished.

Submitted on briefs October 28th—decided December 22d, 1919.

SUIT for an injunction and an order of interpleader by a judgment-debtor who had been several times garnisheed, brought to and tried by the Court of Common Pleas in New Haven County, *Simpson, J.;* facts found and judgment rendered denying the plaintiff's application, from which he appealed. *No error.*

Judgment for a sum of money was rendered against McLay, the present plaintiff, as the defendant in an action brought by Hubert E. Warner, Jr., and on a claim which the latter had meanwhile assigned to Frank A. Warner. McLay was duly notified of the assignment. Three different actions have been brought and are now pending against Hubert E. Warner, Jr., in each of which McLay has been garnisheed as Warner's debtor. The several plaintiffs therein contend that the assignment of the claim was without consideration and

void.  McLay makes no claim to the amount of the judgment secured against him, and has offered to turn it over to the assignee upon the latter's furnishing a bond to save him harmless from other claims to the judgment debt.  This has been refused by the assignee, who has also caused McLay to be notified of the appointment by him of an attorney to take out execution on the judgment.  The plaintiff asks, in substance, that the defendants—who are the two Warners and the plaintiffs in the three pending actions referred to—be enjoined from pursuing their claims against the judgment debt in the actions already brought by them, that the Warners be restrained from taking out execution on the judgment referred to, and that the parties be ordered to interplead as to their claims.  The court denied both the application for an injunction and that for an order of interpleader, and the plaintiff assigns error upon these rulings.

*Arthur B. O'Keefe* and *John Cunliffe, Jr.*, for the appellant (plaintiff).

*Carl A. Mears* and *Bertram Weil*, for the appellee (defendant Frank A. Warner).

CASE, J.  McLay stands in the relation of judgment-debtor to some of the defendants, and in that of garnishee as to the rest.  None of the relief asked for is necessary to secure him against action prejudicial to his rights in the first position.  The provisions of § 5931 of the General Statutes make a stay of execution on the judgment against him imperative so long as either of the foreign attachments of the judgment debt continues in existence.  The statute carefully anticipates the precise contingency which he professes to fear, and he is fully protected against further action

by either of the Warners during the life of any of the liens which has attached to the judgment debt through the suit of a creditor.

In his position of garnishee he is equally safeguarded from the possibility of having to satisfy claims in excess of the amount of the judgment recovered against him. Sections 5967 and 5973 of the General Statutes provide effective measures for his security, in the event of *scire facias* proceedings being brought against him, where there are claimants to the fund other than the judgment-creditor in the principal action. When he has complied with the simple requirements of the statute for notice to such adverse claimants, any judgment that may be rendered against him on *scire facias* conclusively measures his liability, and operates as a bar to the prosecution of other or further claims.

It is obvious, therefore, that no emergency calls upon him to take the initiative for his own protection, or in the interest of fair play to the several defendants. None of them is in a position either to gain an undue advantage of him, or to block the efforts of the others in the orderly prosecution of their respective claims. While the Act of 1893 (General Statutes, § 6055) distinctly extended the field for relief by interpleader, it is not to be construed as permitting the substitution of the procedure for any existing legal remedy equally efficacious. The primary test that existed before the passage of that remedial Act still applies with its original force, and since the legal remedy is adequate and complete for the situation presented upon the record, no occasion is shown for invoking equitable relief.

The main question presented by the appeal was suggested by the court in *Coit* v. *Sistare*, 85 Conn. 573, 575, 84 Atl. 119. Interpleader had there been resorted to in a situation essentially similar to that which exists here, but as none of the parties questioned the fitness

of the procedure, the court passed the matter in deciding the case.  Here the plaintiff's right to the relief sought is seasonably questioned on the threshold of the case, and before any interlocutory order has been permitted to issue.  Considerations which influenced the court's course in that case are wholly absent from this, and for the reasons indicated the trial court properly denied the application.

There is no error.

In this opinion the other judges concurred.