ALPHONSE FASANO
*vs.*
JOSEPH H. CHIOFFI ET ALS.

Superior Court     New Haven County     File No. 60665

MEMORANDUM FILED JULY 8, 1941.

*John H. Sheehan,* of New Haven, for the Plaintiff.

*William J. Carrig,* and *Benjamin F. Goldman,* of New Haven, for the Defendants.

CORNELL, J. The complaint alleges that one Natale DeFrancesco of New Haven recovered judgment against defendant Joseph Chioffi in the sum of $500 and costs of $75 on December 10, 1940, and on the same day assigned the same to the plaintiff, but the defendant Chioffi has refused to pay the amount of such judgment to the plaintiff. Another defendant is also named, viz., Benjamin F. Goldman, for the reason, as it is alleged, that the latter on January 10, 1941, commenced an action against the same Natale DeFrancesco, claiming damages of $2,500 and by direction of the writ the defendant here, Chioffi, was garnisheed.

The cross complaint filed by defendant Chioffi alleges affirmatively that the latter is indebted to said DeFrancesco by reason of the judgment in question but states that the costs are $64.64 instead of $75 as asserted in plaintiff's complaint. In more particularized fashion it relates the garnishment in the action brought by Benjamin F. Goldman and the fact that an alleged assignment to the plaintiff Fasano was "left under the front door" at defendant Chioffi's residence. It adds, however, that on the same day as all these other events transpired, the defendant was also garnisheed in another action, viz., one brought by Lucia Amendola against the same Natale DeFrancesco together with Maria DeFrancesco. The cross complaint affirms that: "defendant Chioffi is ready and willing to pay said sum of $564.64 to such person or persons as may prove his right to receive the same", but "is ignorant of the respective rights of the various persons claiming said fund." In his dilemma, the defendant Chioffi, among other relief, asks: "That the plaintiff and defendants other than Chioffi be

required to interplead together concerning their claims in reference to the money now in the hands of the defendant Chioffi."

Notwithstanding the situation in which the defendant Chioffi finds himself and the character of the relief which he importunes, the set-up is not one within the comprehension of the statute (Gen. Stat. [1930] §5911) authorizing an action of interpleader. *McLay vs. Montowese Brick Co.*, 94 Conn. 193. Nevertheless, although it would be irregular, the concurrence of all parties interested would probably justify resorting to the procedure sought to be invoked as an economy of time and effort and one likely to lead to a direct and complete solution of the questions which vex the defendant Chioffi and a determination of the respective rights of the plaintiff as the assignee and the garnisheeing defendants. *McLay vs. Montowese Brick Co., supra; Coit vs. Sistare,* 85 Conn. 573, 575.

Counsel for each of the appearing parties express assent to such procedure, but, of course, have no power to bind the other garnisheeing party, viz., Lucia Amendola, who has not been made by a party to the cause either by the plaintiff or by the defendant Chioffi, under the latter's cross complaint. True, it is alleged in the cross complaint that the Amendola garnishment was dissolved by order of court upon the substitution of a bond, but the liability of the signatories to the latter obligation, and the extent of it, is necessarily dependent upon the validity, priority and effectiveness of the garnishment. If the matter is to be concluded in the expeditious, albeit irregular, manner proposed, this should be done in such a way as will fix the respective rights of each and all of the parties who not only claim an actual existent interest in the judgment debt owing by defendant Chioffi to Natale DeFrancesco, but, likewise, any derived from a garnishment of same. The absence of Amendola as a party precludes the court's approval of the the pending motion for an interlocutory judgment of interpleader—which, however, is denied without prejudice to its renewal if and when Amendola (and preferably, too, the surety on the bond delivered in dissolution of his garnishment) are properly made or become parties and concur in the procedure sought to be pursued.

In the latter eventuality, it will be necessary for all of the parties to stipulate concerning the amount to be inserted in any "interlocutory judgment" that may be entered as an al-

lowance to counsel for defendant, Chioffi, for fees and disbursements (if any allowance is to be made in these respects) and likewise as concerns the visitation of costs in this proceeding.

For the reasons noted, the motion for an interlocutory judgment of interpleader is denied.