ROSS PERKINS

*vs.*

H. IRVING REYNOLDS ET ALS.

Court of Common Pleas    Middlesex County    File No. 27

## MEMORANDUM FILED FEBRUARY 10, 1942.

*Schatz & Schatz,* of Hartford, for the Plaintiff.

*Edward L. Reynolds,* of New Haven, for the Defendants.

KLAU, J. The basis of the demurrer filed by the above-entitled defendants is that the plaintiff, a judgment-debtor, cannot require his judgment-creditor, the assignees of his judgment-creditor, and several alleged creditors of the judgment-creditor, who have garnisheed the judgment debt, to interplead in this action their rights and their claims to the money held available by the plaintiff in satisfaction of the judgment rendered against him.

Not all defendants have raised this question of law. One of the defendants, William Lohse, by answer is evidently prepared to present his claim in this action that he is entitled to the proceeds of the judgment. Had all the defendants taken this attitude, it is probable that this court might have permitted the remedy of interpleader to be employed by the plaintiff. However, on demurrer, the right of the plaintiff to require the defendants to interplead cannot be sustained.

This case appears to be on all fours with the case of *McLay vs. Montowese Brick Co.,* 94 Conn. 193, wherein interpleader as a remedy for relief by a judgment-debtor was denied.

The plaintiff in this case is amply protected by statutory provisions providing for a stay of execution of the judgment against him so long as any of the foreign attachments of the judgment-debt continue in existence (Gen. Stat. [1930] §5779), and providing for effective measures for his security in the event of *scire facias* proceedings being brought against him (Gen. Stat. [1930] §§5814, 5820). Under these statutory provisions he is safeguarded both as judgment-debtor and as garnishee from the possibility of having to satisfy claims in excess of the amount of the judgment recovered against him. There is no emergency which calls upon him to take the initiative for his own protection. Legal remedies are in existence which will afford the plaintiff as much protection as will be afforded him by a bill of interpleader.

Since the temporary injunction was issued *ex parte* it cannot

be claimed that the plaintiff's right to the relief sought has not been seasonably questioned by these defendants.

The demurrer is sustained.