TORRINGTON BRASS WORKERS UNION LOCAL NO. 423 OF THE INTERNATIONAL UNION OF MINE AND SMELTER WORKERS, C.I.O. v. THE TORRINGTON NATIONAL BANK AND TRUST COMPANY

SUPERIOR COURT      LITCHFIELD COUNTY      FILE NO. 11917

Memorandum filed March 23, 1948

*Thomas R. Robinson, Esq.,* of New Haven, for the Plaintiffs.

*Charles R. Ebersol,* with *Roraback & Roraback,* of Torrington, for Torrington National Bank & Trust Company, Defendant.

*David R. Lessler,* of Bridgeport, for the additional Defendants.

ALCORN, J.  This action was brought by Torrington Brass Workers Union, Local No. 423 of the International Union of Mine, Mill and Smelter Workers, C. I. O., an unincorporated voluntary association, acting by its president and its financial secretary, to recover damages because of the defendant's claimed failure as a depositary to honor demands for funds and property on deposit or in its custody.

The defendant filed an answer with a cross complaint reciting in substance that conflicting groups of officers of the plaintiff union claim to represent the union and seeking an interpleader to determine which group legally represents it. Upon motion, the officers other than those named as such in the complaint were cited in as defendants, they appeared, and judgment that the two sets of officers interplead was entered, no party contesting the propriety of such judgment.

Subsequently, however, the court (Quinlan, J.) opened the judgment, having concluded that matters of substance were involved, that pleadings should be filed to the cross complaint and, if necessary, evidence should be taken.

The officers cited as defendants thereupon filed an answer. To this the plaintiff demurred upon numerous grounds but in substance that the union and not its individual officers is party plaintiff and that interpleader is therefore improper. This demurrer was overruled (O'Sullivan, J.) without reasons being given, and the plaintiff thereupon filed an answer.

The present motion is presented after issue joined, new defendants having in the meantime been substituted without objection for those originally cited in because of an intervening meeting at which it is claimed another group of officers has been elected.

It is conceded by all sides that the plaintiff union is a voluntary association. The fundamental issue is whether the real plaintiff is the union or whether the officers by whom the union is said to be acting (namely Ricci as president and O'Hearn as secretary) are the plaintiffs. Evidence has been offered in support of the motion.

From the evidence it is concluded that Ricci and O'Hearn were elected to their respective offices by the union on January 3, 1947. At a meeting held on February 23, 1947, one Sardi claims to have been elected president and one Lanko claims to have been elected secretary. Thereafter Sardi and Lanko went to the defendant bank to sign a signature card, and on March 9 the union is claimed to have passed a resolution authorizing them to draw funds on its account which stood in the name of "Torrington Brass Workers Union, Local No. 423, I. U. M. M. S. W." The purpose was to place on record at the bank information as to those officers of the union claimed to be authorized to deal with its funds in accordance with a practice which had been followed in the past after each election.

Subsequently the new substituted defendants claim to have been elected as officers, Lesniewski as president, and Cartenuti as secretary, at a meeting in December, 1947.

Before the meeting of Februry 23, 1947 at which Sardi and Lanko claimed to have been elected, the defendant bank had, about February 1, 1947, "frozen" the account upon representations from a source not a party to this case. Until that time Ricci and O'Hearn had been operating the union's account and when Sardi and Lanko sought the right to do so the bank notified them that they could not then be told whether or not they could operate the account. The account is still "frozen," and so long as that condition prevails the bank will not pay the account to anyone.

An equitable complaint in the nature of an interpleader lies whenever a person has in his hands money or property which is claimed by two or more persons. General Statutes § 5911. It is clear that the contesting groups of officers of this union make no independent individual claim to the money or property in the defendant's hands. Each one merely asserts that it is the group legally authorized to handle the money and property for the union. Neither is entitled to have the money or property turned over to it. *Grand Lodge* v. *Burns*, 84 Conn. 356.

A voluntary association may sue in its own name. § 5490. *Davison* v. *Holden,* 55 Conn. 103. That is what this union has chosen to do. Any benefit derived from the suit would be the common benefit of all members of the association including both contesting groups of officers.

To accomplish the defendant bank's purpose it would be necessary, since the association and not its officers is the plaintiff, to cite the officers Ricci and O'Hearn as parties and require them to file statements of claim. Practice Book § 58. Should that be done the issue before the court would be, not a contest between two claimants, but a contest between two groups of individuals claiming to represent the same claimant.

Finally, the solution of even that issue would prove indecisive since the bank, at present holds and refuses to relinquish the funds or property because of the communication, the nature of which is not disclosed, received from some source not a party and not stated in the cross complaint or elsewhere in the pleadings to have made any claim to the fund entitling it to be made a party.

The circumstances do not warrant a judgment of interpleader and the motion is therefore denied.