ANTHONY PAPA ET AL. *v.* ALBERT R. YOUNGSTROM
ET AL.

DALY, C. J., BALDWIN, KING, MURPHY and MELLITZ, Js.

Argued November 6—decided December 16, 1958

*Arthur A. Abeshouse,* with whom was *Joseph Glass,* for the appellants (plaintiffs).

· *Bernard A. Kosicki,* for the appellees (named defendant et al.).

*Louis W. Johnson,* for the appellee (defendant DiModica).

*Chester J. Dzialo,* for the appellee (defendant Mazzotta).

BALDWIN, J. This is a scire facias upon an alleged foreign attachment of money in the hands of the defendants Albert R. and Inga Youngstrom. The plaintiffs, partners in National Builders Supplies, claim that the money is owed to their debtors, Philip Paguni, James Bartolotta and Louis Calavito, partners in Middlesex Builders, upon a contract to construct a house for the Youngstroms. Joseph DiModica and Sebastian C. Mazzotta, subcontractors, were, upon their application, joined as defendants because they had filed mechanics' liens upon the Youngstroms' property. The court rendered judgment for all the defendants, and the plaintiffs have appealed.

The facts, which are not subject to any material correction of advantage to the plaintiffs, can be stated as follows: In April, 1954, the Youngstroms contracted with Middlesex Builders for the construction of a house for $15,000. During the course of construction, they paid Middlesex Builders $10,000. On or about August 1, 1955, they moved into the house and spent an amount, agreed by the parties to be $800, in remedying defective work by Middlesex Builders, thus leaving a balance of $4200 unpaid on the contract. Middlesex Builders had made a verbal agreement with DiModica for the installation of the plumbing and heating systems for $2540. Having received no payment, DiModica, after giving due notice to the Youngstroms, filed a mechanic's lien on October 18, 1954. Middlesex Builders had

also made a verbal agreement with Mazzotta for masonry work on the house at a price of $1223.85. This work had been done but Mazzotta had not been paid. After giving due notice to the Youngstroms, he filed a mechanic's lien on September 24, 1954. In January, 1955, the plaintiffs instituted suit against Middlesex Builders, and process was served upon the Youngstroms to garnish any moneys owed by them to Middlesex Builders. On March 18, 1955, judgment was rendered against Middlesex Builders for $3035.47, but execution was returned unsatisfied. In the meantime, Middlesex Builders was adjudicated a bankrupt. The Youngstroms do not deny that they owe a balance of $4200 for the construction of their house. However, that amount is less than the total due, including interest, on the liens claimed by DiModica and Mazzotta. Consequently, the Youngstroms contend that there was nothing owing to Middlesex Builders when the purported garnishment was made.

Section 8125 of the General Statutes provides that a scire facias may be taken out from the clerk of the court where the judgment was rendered in the action in which process of foreign attachment was served upon a garnishee. The scire facias requires the garnishee to appear before the court and disclose under oath whether he has any effects of the judgment debtor in his hands or is indebted to him. The statute specifically states that "the parties may introduce any other proper testimony respecting such facts." The issue is whether the defendant in the scire facias action was indebted to the defendant in the original action at the time process of foreign attachment was served on him. *Cunningham Lumber Co.* v. *New York, N.H. & H.R. Co.*, 77 Conn. 628, 630, 60 A. 107; 38 C.J.S. 518, § 261(4).

Errors assigned in two rulings on evidence go to the heart of the case. The defendants, in their special defenses, set forth liens in favor of DiModica for $2540 and Mazzotta for $1223.85. The plaintiffs' reply put in issue, among other things, the priority and amount of these liens. On the cross-examination of DiModica, the plaintiffs sought to show that he had been furnishing materials for, and doing work upon, other houses for Middlesex Builders at the time the Youngstrom house was being built and that there was a running account between him and Middlesex Builders. The apparent purpose was to demonstrate that items charged by DiModica to the Youngstrom house should have been charged to other houses under construction at the same time. The plaintiffs also produced Paguni, one of the partners in Middlesex Builders, and attempted a similar line of inquiry. Upon objection to the testimony in both instances, the plaintiffs were precluded from continuing their examination. It is true that the trial court is allowed a liberal discretion in fixing the limits of cross-examination. *Finch* v. *Weiner,* 109 Conn. 616, 620, 145 A. 31; *Conley* v. *Board of Education,* 143 Conn. 488, 495, 123 A.2d 747. We have, however, always carefully guarded the right of cross-examination. *Bishop* v. *Copp,* 96 Conn. 571, 575, 114 A. 682; *Fahey* v. *Clark,* 125 Conn. 44, 46, 3 A.2d 313; 5 Wigmore, Evidence (3d Ed.) § 1367. The limits of discretion were exceeded in this case. As to the objection made upon the direct examination of Paguni, it is also true that the court has a wide discretion in determining the relevancy of evidence. *Morico* v. *Cox,* 134 Conn. 218, 224, 56 A.2d 522; *Graybill* v. *Plant,* 138 Conn. 397, 404, 85 A.2d 238. A party cannot, however, be deprived of his right to support his cause by introducing evidence tending to prove facts upon

which issue has been joined, if the evidence is not excluded by some rule of law. *Moran* v. *New York, N.H. & H.R. Co.*, 107 Conn. 454, 457, 140 A. 818. The evidence offered through Paguni was relevant, and the trial court abused its discretion in sustaining the objection.

Error was claimed by the plaintiffs in the admission of DiModica and Mazzotta as parties. This claim, however, was not pressed. They are proper parties to this action. General Statutes § 8131; Cum. Sup. 1955, § 2973d. They have instituted suits in the court where the case at bar is being litigated. As a result of the bankruptcy of Middlesex Builders, the Youngstroms, who have indicated a willingness to pay the amounts due on the liens, are faced with the problem of whom to pay in order to receive a proper discharge from their obligations. Ordinarily, garnishees cannot maintain actions of interpleader because they are deemed to have adequate means of protecting themselves under the provisions of General Statutes §§ 8125 and 8131. *McLay* v. *Montowese Brick Co.*, 94 Conn. 193, 195, 108 A. 664. It might be that the trial court could postpone final determination of the actions brought by DiModica and Mazzotta to foreclose their liens until the Youngstroms, proceeding under § 8131, can cite in the trustee in bankruptcy for Middlesex Builders. If the court would do this and the parties would agree to a transfer of the foreclosure actions from Middlesex County to New Haven County under § 3180d of the 1955 Cumulative Supplement, and if, when the trustee has either made a claim or disclaimed, the court would assign the foreclosure actions to be heard simultaneously with, or immediately after, any retrial of this case, the whole matter could be disposed of at what might amount to a single hearing.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion KING, MURPHY and MELLITZ, Js., concurred; DALY, C. J., concurred in the result.