AYERS COMPANY *v.* NOVELTY TEXTILE MILLS, INC.

HOUSE, C. J., LOISELLE, MACDONALD, BOGDANSKI and LONGO, JS.

Argued February 6—decision released June 10, 1975

*John A. Spector,* for the appellant (defendant).

*John K. Harris, Jr.,* for the appellee (plaintiff).

PER CURIAM. The plaintiff contractor sued the defendant owner to recover payments allegedly due under a contract signed by the parties in the spring of 1971. The defendant, by way of special defense and by way of counterclaim, claimed that it should not be required to pay the plaintiff because of the plaintiff's failure to complete work required by an earlier contract executed in 1970. In support of that claim for the contract price, the defendant introduced into evidence the 1971 contract, the pertinent parts of which are printed in footnote 1.

At the trial, the defendant attempted to cross-examine the plaintiff's witness as to the require-

---

[1]  " AGREEMENT

•        •        •        •        •

Whereas, the Contractor has a [1970] contract to erect a building for the Owner, [introduced by the plaintiff as exhibit A] and

Whereas, Section A, Article 5 [of the 1970 contract] states:

'In the event that weather conditions do not permit black topping and seeding prior to the completion date, the sum of Sixteen Thou-

ments of the original contract, apparently in order to substantiate its special defense and counterclaim, but the court sustained an objection, thereby terminating that line of questioning. The defendant, at another portion of the trial, attempted through its own witness to substantiate its claim that the nonperformance of the first contract by the plaintiff justified the defendant's refusal to pay under the second contract. This was also excluded by the court after objection by the plaintiff's counsel. The defendant has assigned as error these two evidentiary rulings.

As a general rule, the extent of a cross-examination is much in the discretion of the judge, yet it should be liberally allowed. *Papa* v. *Youngstrom,* 146 Conn. 37, 40, 147 A.2d 494; *Fahey* v. *Clark,* 125 Conn. 44, 46, 47, 3 A.2d 313; see *State* v. *Lombardo,* 163 Conn. 241, 243-44, 304 A.2d 36. Proper cross-examination as well as direct testimony must be relevant to be admissible. *Conley* v. *Board of Education,* 143 Conn. 488, 495, 123 A.2d 747. "No precise and universal test of relevancy is furnished by the law, and questions must be determined in each case according to the teachings

sand ($16,000.00) Dollars will be deducted from the contract and a separate contract will be executed between the contractor and the owner for this work.'

Whereas, the weather was such that this work was not completed, this separate contract is being executed.

Witnesseth:

The Contractor does hereby agree to the following General Conditions:

I. Guarantees

It is understood and agreed that all warrantees, guarantees, general conditions, supplemental conditions and specifications as outlined in the original contract as amended to May 27, 1970, is hereby incorporated into this contract by reference. . . ."

of reason and judicial experience." *Robinson* v. *Faulkner*, 163 Conn. 365, 371, 306 A.2d 857, and cases cited therein. No litigant, however, can be deprived of its right to support its cause by the introduction of evidence tending to prove all of the facts within the proper allegations of its pleading and upon which issue has been joined, provided the evidence is relevant, material and competent and not repetitious or mere surplusage. Our law gives a defendant the right to introduce evidence of those relevant and material facts which logically tend to prove the issues involved and which is not excluded by some rule of law. *Papa* v. *Youngstrom*, supra; Holden & Daly, Connecticut Evidence § 67.

The line of questioning pursued by the defendant was relevant in light of its pleadings and its claim for damages arising out of the plaintiff's breach of the original contract and in light of the evidence of the original and subsequent contract introduced by the plaintiff. Consequently, it should have been permitted.

There is error, the judgment is set aside and a new trial is ordered.