[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION Re: MOTION TO DISMISS PLEADING #153
The court shall treat this motion to dismiss as a motion to strike since the court does have subject matter jurisdiction.
FACTS
The co-executors of the estate of Rosemary McGivney bring this action against the defendant, Thomas Relihan.
The amended complaint alleges inter alia that on October 30, 1984 the deceased, Rosemary McGivney, gave a power of attorney to the defendant.
On August 16, 1982, the deceased opened a certificate of deposit (hereinafter C.D.) at Colonial Bank in the name of Dorothy Relihan, wife of the defendant. On June 16, 1988, Dorothy Relihan died. The defendant cashed in the C.D. using it for personal use.
On November 22, 1989 Rosemary McGivney died. The defendant is named as a defendant in his individual capacity and as executor of Dorothy Relihan's estate. The plaintiffs seek the return of the monies of the C.D.
The defendant filed an answer and cross claim in which he seeks a judgment of inter pleader. CT Page 1715
The cross claim should have been by counterclaim and will be treated as such.
The plaintiffs move to dismiss the cross claim.
The defendant argues, in his memorandum in opposition, that the plaintiff has already filed an answer to the cross claim and, therefore, pursuant to Connecticut Practice Book section 113, the plaintiff cannot file a motion to dismiss. "[T]he court in its discretion allows the filing of pleadings out of order." Sabino v. Ruffolo, 19 Conn. App. 402, 404
(1989).
Whenever any person has, or is alleged to have, any money or property in his possession which is claimed by two or more persons, either he, or any of the persons claiming the same, may bring a complaint in equity, in the nature of a bill of interpleader. Connecticut General Statutes section52-484.
Interpleader is designed to prevent the possibility of double liability. Royal School Laboratories, Inc. v. Town of Watertown, 258 F.2d 813 (C.A.Conn. 1966); General Acc. Group v. Gagliardi, 593 F. Sup. 1080 (D.Conn. 1984).
"The basis for an action of interpleader is the existence of conflicting claims to property in the hands of a stakeholder." Commercial Discount v. Plainfield, 120 Conn. 274,2278-79 (1935); cf. Torrington Brass Workers Union v. Torrington National Bank Trust Co., 15 Conn. Sup. 321,323-24 (Super.Ct. 1948) (this is not a contest between two claimants, but a contest between two groups of individuals claiming to represent the same claimant.
The purpose of interpleader is judicial economy, bringing all parties interested in a sum into court "likely to lead to a direct and complete solution" of the problem. Fasano v. Chioffi, 9 Conn. Sup. 480, 482 (Super.Ct. 1941).
Interpleader does not lie where there is an adequate remedy at law. McLay v. Montowese Brick Co, 94 Conn. 193,195 (1919).
C. Requirements
The appropriate allegations of a bill of interpleader are that:
 1. two or more persons have a claim against the plaintiff;
2. they claim the same thing;
 3. the plaintiff has no beneficial interest in the thing claimed; and
 4. the plaintiff cannot determine without hazard to himself to which of the defendants the thing of right belongs.
Croner v. Zaboori, 14 Conn. App. 457, 459-60 n. 2 (1988), quoting Blanchard v. Voghel, 12 Conn. Sup. 210, 212 (C.P. 1943).
The defendant, who for the purposes of the cross claim and for the interpleader, is standing in the shoes of a plaintiff, does have a beneficial interest in the thing claimed.
As stated in the cross claim, the defendant "claims to be entitled to the proceeds of such certificate." Accordingly, the defendant has an interest in the thing claimed and cannot pray for an interpleader. The plaintiff's motion is granted.
FRANK S. MEADOW, JUDGE. CT Page 1716