[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
The named defendant has moved to dismiss this interpleader action on the grounds that (1) it cannot be used where the stakeholder is also a claimant for the funds, and (2) a writ of scire facias rather than an interpleader action should be used when a judgment debtor wants to settle claims between lienors and garnishors of the judgment debtor.
The first ground of the motion has been eliminated because the plaintiff no longer claims an interest in the stake and has withdrawn as a defendant.
A motion to dismiss can be granted for lack of subject matter jurisdiction where the court cannot decide the claim presented to it. The superior court clearly has jurisdiction over interpleader actions under section 52-484 of the General Statutes. "A court has subject matter jurisdiction if it has the authority to adjudicate a particular type of legal controversy. Such jurisdiction relates to the court's competency to exercise power, and not to the regularity of the court's exercise of that power." Castro v. Viera, 207 Conn. 420,427. Whether or not an interpleader would be sufficient to decide all the issues between the parties under the facts of this case at the time of trial is not the subject for a motion to dismiss. In addition, the possibility of an action for scire CT Page 4579 facias in the future against the plaintiff here does not preclude this interpleader action.
Interpleader is not a substitute for an equally effective, existing legal remedy such as scire facias, McLay v. Montowese Brick Co., 94 Conn. 193, 195, but the utility of scire facias has been questioned in recent decisions. Burchett v. Roncari,181 Conn. 125, 127. Scire facias is not a clearly more efficient remedy than an interpleader action under the facts of this case, if it is available at all.
The motion to dismiss is denied.
ROBERT A. FULLER, JUDGE